UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/25/2022
```

RODNEY JOSEPH,

                Plaintiff,

-against-

WILLIAM ELBERTH, *Correctional Officer*,

                Defendant.

18 Civ. 7197 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

On August 7, 2018, Plaintiff Rodney Joseph, proceeding *pro se* and *in forma pauperis* ("IFP"), commenced this 42 U.S.C. § 1983 action against Defendant William Elberth and numerous other defendants, alleging violations of his constitutional rights under the First and Eight Amendments. (Compl., ECF No. 2.) On May 21, 2019, *pro se* Plaintiff submitted a request for *pro bono* counsel, which the Court denied because the case was at its infancy as Defendants had yet to file a responsive pleading to his Complaint. (ECF Nos. 76 & 77.) On January 23, 2020, after Defendants filed a motion to dismiss all of Plaintiff's claims, the Court granted in part, denied in part the motion—denying it with respect to Plaintiff's excessive force claim under the Eighth Amendment against Defendant Elberth, but granting it with respect to all other claims against all other defendants. (ECF No. 82.) The parties then proceeded to exchange discovery, which they completed on March 4, 2022. (*See* ECF No. 118.)

On this day, the Court held a status conference by telephone with the parties to discuss the status of the case and whether the parties intended to file motions for summary judgment. The parties informed the Court that they did not intend to file any motions for summary judgment and that they were ready for trial. After such inquiry, *pro se* Plaintiff orally requested the Court to appoint *pro bono* counsel to represent him in the forthcoming jury trial.

Unlike in criminal proceedings, the Court does not have the power to order attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, under 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit has set forth the standards governing the appointment of counsel *in pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61. If these threshold requirements are met, the Court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks*, 114 F.3d at 392–93. Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Here, as a threshold matter, the Court notes that Plaintiff is already proceeding IFP after the Court granted his application on September 5, 2018 (ECF No. 4). Thus, as Plaintiff is an indigent litigant, he qualifies for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1).

To date, the only surviving claim from Plaintiff's Complaint is his § 1983 claim for excessive force under the Eighth Amendment against Defendant Elberth. (Compl., ECF No. 1.) Defendant Elberth has already filed an Answer, (Answer, ECF No. 100), and as noted above, the parties have already completed exchanging discovery and expressed no intention of filing motions for summary judgment. Therefore, the Court finds that Plaintiff's excessive form claim, having survived a motion to dismiss and now proceeding to trial before a jury, is "likely to be of substance." *Hodge*, 802 F.2d at 62; *O'Diah v. TBTA-Triborough Bridge & Tunnel Auth.*, No. 19-CV-7586 (VSB), 2021 WL 3631121, at *1 (S.D.N.Y. July 16, 2021) (finding Eighth Amendment claims "likely of substance" after surviving motion to dismiss).

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff's ability to investigate his claim is likely limited due to his incarceration and potential difficulties surrounding Covid-19 protocols. Additionally, there will likely be conflicting evidence presented at the forthcoming jury trial that will implicate the need for cross-examination, such as evidence involving Plaintiff's medical records and medical experts, which ultimately would be essential for proving liability and relevant to support Plaintiff's damages claim. Plaintiff's excessive force claim will also likely raise causality arguments because he claims he suffered a minor heart attack as a result of Defendant Elberth's force—arguments which may

involve a certain deal of medical and scientific complexity. *See Carno v. Correct Care, Inc.*, No. 17-CV-7998 (NSR), 2019 U.S. Dist. LEXIS 128613, at *4 (S.D.N.Y. July 31, 2019) (granting request for *pro bono* counsel in part because Plaintiff's claims related to medical and scientific issues). And lastly, the Court finds that in view of the above, because the case is proceeding to a jury trial, representation here would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Accordingly, the Court GRANTS Plaintiff's oral request for *pro bono* counsel. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and that the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.den/docs/prose/pro_bono_fund_order.pdf.

The Clerk of Court is directed to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF and show service on the docket.

Dated: March 25, 2022  
       White Plains, NY

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge